# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

ROBERT DRUMMOND,                                     :

                    Plaintiff.                             :

   -against-                                          :

THE CITY OF NEW YORK, a municipal entity    :
THE NEW YORK CITY POLICE DEPARTMENT,
P.O. WILLIE THOMPSON (Badge#15823)          :
P.O. THOMAS R. KNIGHT (Badge#22814), and    :
P.O. JOHN DOE,
                Defendants.            :

Case No.:

**SUMMONS**

JURY TRIAL REQUESTED

### To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 60 days if you are the

United States or a United States agency described in Fed. R. Civ. P. 12(a)(2) or (3). The answer

or motion must be served on plaintiff or plaintiff's attorney, whose name and address are:

Joshua Dayan, 80-02 Kew Gardens Road, Suite 902, Kew Gardens, NY 11415.

In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: June 23, 2025
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
Attorney for Plaintiff
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawllp.com

Service to:
See next page:

1

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
ONE CENTRE STREET
ROOM 1200
NEW YORK, NY 10007-2341

CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NEW YORK CITY POLICE DEPARTMENT
ONE POLICE PLAZA
NEW YORK, NY 10038

P.O. WILLIE THOMPSON (Badge#15823)
NYPD 107TH PRECINCT
71-01 PARSONS BLVD
FRESH MEADOWS, NY 11365

P.O. THOMAS R. KNIGHT (Badge#22814)
NYPD 107TH PRECINCT
71-01 PARSONS BLVD
FRESH MEADOWS, NY 11365

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DRUMMOND,     : | |
|     : | Case No.: |
|          Plaintiff.     : | |
|     : | **VERIFIED COMPLAINT** |
|  -against-     : | |
|     : | JURY TRIAL REQUESTED |
| THE CITY OF NEW YORK, a municipal entity    : | |
| THE NEW YORK CITY POLICE DEPARTMENT, | |
| P.O. WILLIE THOMPSON (Badge#15823)     : | |
| P.O. THOMAS R. KNIGHT (Badge#22814), and    : | |
| P.O. JOHN DOE, | |
|          Defendants.     : | |
|     : | |

Plaintiff, **ROBERT DRUMMOND** (Hereinafter "Plaintiff"), by and through his attorney, **JOSHUA DAYAN, ESQ.**, of **DAYAN LAW L.L.P.** files this Verified Complaint as against the above-named defendants (Hereinafter collectively, "Defendants"), as follows:

### PRELIMINARY STATEMENT

1. This action is brought by Plaintiff for a judgment of compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C.§1983 and 42 U.S.C.§1988 as against Defendants "THE CITY OF NEW YORK" (Hereinafter "the City"), "THE NEW YORK CITY POLICE DEPARTMENT," (Hereinafter "NYPD"), "P.O. WILLIE THOMPSON (Badge#15823)," P.O. THOMAS R. KNIGHT (Badge#22814), and P.O. JOHN DOE, for violations of Plaintiff's civil rights, as said rights are secured by said statutes and the Constitutions of both the State of New York and the United States.

2. On May 1, 2025, Plaintiff was in his home with his girlfriend located at 144-45 Coolidge Avenue, Queens, New York.

3. While together, the two were discussing their relationship, when it became clear that Plaintiff no longer wanted to be with her. Furious, she went to the basement of the house,

brought up a toxic cleaning product—Clorox Clinging Bleach Gel— that was clearly labeled to contain bleach, a toxic and potentially deadly chemical and drank it right in front of Plaintiff. (Please **see Exhibit "A,"** Photos).

4. Terrified about what could happen next, including that his girlfriend poisoned herself, perhaps might collapse and die in his home, Plaintiff dialed 911 immediately and reported to the NYPD that his girlfriend drank bleach in his house and that the NYPD should send help immediately.

5. Immediately after hearing the Plaintiff call the police, Plaintiff's girlfriend began to frantically wash her mouth with water, perhaps afraid that the NYPD would detain her for forced medical treatment. (Please see **Exhibit "A,"** Photos).

6. When the defendant NYPD officers, including but not limited to P.O. Thompson and P.O. Knight arrived at Plaintiff's home, Plaintiff explained that he did not wish to get his girlfriend in trouble—that he did not want to go that far— but that he saw her drink the Clorox Bleach in his home, and that she needs to be taken to the hospital immediately.

7. The Plaintiff informed the NYPD officers that he has the Clorox Bleach that his girlfriend drank right inside his home, that he saw her drink it in front of him, and that he has a picture of her frantically washing her mouth after having drank the Clorox.

8. Unfortunately, Police Officer Willie Thompson, Police Officer Thomas Knight, and the other NYPD officers present at the scene ignored Plaintiff's pleas and proceeded to wrongfully arrest Plaintiff without probable cause, in violation of Plaintiff's constitutional rights, subjecting him to handcuffs, being placed in the back of an NYPD police vehicle, being placed in a jailcell like a criminal, the wrongful and malicious initiation of frivolous criminal charges filed against him, potential exposure to

incarceration and prison, humiliation, emotional distress and anxiety and fear of the unknown.

9.  The Plaintiff was criminally charged by Defendant Police Officer Willie Thompson and the NYPD for alleged violations of Penal Law 240.50-3A, "Falsely reporting an incident in the third degree," a Class A Misdemeanor, exposing the innocent Plaintiff to possibly a criminal record and a year in jail.

10. The Plaintiff contacted the police on May 1, 2025, as a concerned human being, but the NYPD officers that responded did not care that he said he personally observed his girlfriend drink the bleach in his house, that he has the bleach in his house, that he has a picture of her frantically washing her mouth to remove the scent of the bleach. In short, the NYPD officers just did not care, and ignored all of the reasonable evidence that Plaintiff said he had to support his report, but instead the defendant NYPD officers decided to wrongfully arrest an innocent man, initiate frivolous criminal charges against him, for which he sat in a jailcell for approximately 34 hours and then had to return to Criminal Court to fight those charges.

11. Ultimately, on or about October 7, 2024, the Plaintiff's criminal charges were <u>fully and completely dismissed</u>, but the pain, anxiety, humiliation and trauma of the incident lingers with the Plaintiff, as it would for any innocent human being treated like a criminal with no basis, no probable cause, and no reason other than for the careless, negligent, reckless, and wrongful conduct of the NYPD officers that wrongfully arrested the Plaintiff on May 1, 2025.

## THE PARTIES

12. Plaintiff is an individual, currently residing in the State of New York, County of Queens, at the address of 144-45 Coolidge Avenue, Queens, New York 11435.

13. Defendant the City was and still is a municipal corporation, duly organized and existing under and by virtue of the law of the State of New York.

14. Defendant the NYPD was and still is a municipal corporation and/or municipal police department, duly organized and existing under and by virtue of the law of the State of New York.

15. P.O. Willie Thompson is a police officer employed by the City and NYPD at the 107th NYPD Precinct, with a Badge #15823 and a Tax Registration# 958120. At all times hereinafter mentioned, Defendant P.O. Thompson was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers and within the scope of his employment for Defendants City and NYPD.

16. P.O. Thomas R. Knight is a police officer employed by the City and NYPD at the 107th NYPD Precinct, with a Badge #22814. At all times hereinafter mentioned, Defendant P.O. Knight was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers and within the scope of his employment for Defendants City and NYPD.

17. At all times hereinafter mentioned, Defendants City and NYPD employed police officers, including but not limited to P.O. Thompson, P.O. Knight, and P.O. John Doe (whose name is unknown at this time, but is an officer that was present at the scene of Plaintiff's arrest), and others that were involved in Plaintiff's wrongful arrest.

18. At all times hereinafter mentioned, Defendants City and NYPD owned, maintained, supervised, managed, operated, inspected, and controlled the various police, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in this Verified Complaint.

19. At all times hereinafter mentioned, all of the actions of the police officers alleged herein, including but not limited to P.O. Thompson, P.O. Knight, and P.O. John Doe were done within the scope and course and in furtherance of their employment with Defendants City and NYPD and under color of the state law.

## JURISDICTION AND VENUE

20. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

21. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

22. Venue as to each defendant is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or a substantial part of property that is subject of the action is situated in this district, and/or because the plaintiffs reside in this District, and/or because a defendant resides in this district and is subject to personal jurisdiction at the time this

action is commenced, and/or pursuant to 28 U.S.C. § 1401(a)(1) because plaintiff resides in this district, as set forth hereinafter.

## JURY DEMAND

23. Plaintiff Robert Drummond respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## SPECIFIC ACTS GIVING RISE TO THIS ACTION AND FACTS COMMON TO ALL CLAIMS

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

25. Prior to the commencement of this action, and within ninety (90) days after the happening of the incident herein, Plaintiff served a Notice of Claim in writing upon the Defendant the City.

26. A 50-h hearing was held.

27. This action is commenced within one (1) year and ninety (90) days of the date when the incident occurred to the Plaintiff.

28. On May 1, 2025, Plaintiff was in his home with his girlfriend, Ms. Katie Gagstetter, located at 144-45 Coolidge Avenue, Queens, New York.

29. While together, the two were discussing their relationship, when it became clear that Plaintiff no longer wanted to be with her. Furious, she went to the basement of the house, brought up a toxic cleaning product—Clorox Clinging Bleach Gel— that was labeled to contain bleach, a toxic and potentially deadly chemical and drank it right in front of Plaintiff. (Please **see Exhibit "A,"** Photos).

30. Terrified about what could happen next, including that his girlfriend poisoned herself, perhaps might collapse and die in his home, Plaintiff dialed 911 immediately and reported to the NYPD that his girlfriend drank bleach in his house and that the NYPD should send help immediately.

31. Immediately after hearing the Plaintiff call the police, Plaintiff's girlfriend began to franticly wash her mouth, perhaps afraid that the NYPD would detain her for forced medical treatment. (Please see **Exhibit "A,"** Photos).

32. When the NYPD officers, including P.O. Knight, P.O. Thompson, and P.O. John Doe arrived at Plaintiff's home, Plaintiff explained that he did not wish to get his girlfriend in trouble—that he did not want to go that far— but that he saw her drink the Clorox Bleach in his home, and that she needs to be taken to the hospital immediately.

33. The Plaintiff informed the NYPD officers that he has the Clorox Bleach that his girlfriend drank right inside his home, that he saw her drink it in front of him, and that he has a picture of her franticly washing her mouth after having drank the Clorox.

34. Unfortunately, P.O Thompson, P.O. Knight, and the other NYPD officers present at the scene ignored Plaintiff's pleas and proceeded to wrongfully arrest Plaintiff without probable cause, in violation of Plaintiff's constitutional rights, subjecting him to handcuffs, being placed in the back of an NYPD police vehicle, being placed in a jailcell like a criminal, the wrongful and malicious initiation of frivolous criminal charges filed against him, potential exposure to incarceration and prison, humiliation, emotional distress and anxiety and fear of the unknown.

35. The Plaintiff was criminally charged by Defendant Police Officer Willie Thompson and the NYPD for alleged violations of Penal Law 240.50-3A, "Falsely reporting an incident

in the third degree," a Class A Misdemeanor, exposing the innocent Plaintiff to possibly a criminal record and a year in jail.

36. The Plaintiff contacted the police on May 1, 2025, as a concerned human being, but the NYPD officers that responded did not care that he said he personally observed his girlfriend drink the bleach in his house, that he has the bleach in his house, that he has a picture of her franticly washing her mouth to remove the scent of the bleach. In short, the NYPD officers just did not care, and ignored all of the reasonable evidence that Plaintiff said he had to support his report, but instead the defendant NYPD officers decided to wrongfully arrest an innocent man, initiate frivolous criminal charges against him, for which he sat in a jailcell for approximately 34 hours and then had to return to Criminal Court to fight those charges.

37. Ultimately, on or about October 7, 2024, the Plaintiff's criminal charges were <u>fully and completely dismissed</u>, but the pain, anxiety, and trauma of the incident lingers with the Plaintiff, as it would for any innocent human being treated like a criminal with no basis, no probable cause, and no reason other than for the careless, negligent, reckless, and wrongful conduct of the NYPD officers that wrongfully arrested the Plaintiff on May 1, 2025.

38. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

39. Indeed, not only did Plaintiff suffer fear, humiliation, anxiety, and emotional distress while being arrested and placed in the NYPD precinct jail cell for approximately 36 hours through an entire day and much of a second day, but he continued to have that emotional trauma perpetuate for months as he had to return to court multiple times to fight for his

freedom and innocence, and continues to suffer the residual effects of being treated so unfairly and carelessly by the Defendants.

40. As a result of Defendants' constitutionally violative conduct, Plaintiff respectfully demands a judgment from Defendants in a sum of money to be determined at trial, including punitive damages, and attorneys fees.

**FIRST CAUSE OF ACTION:**
**DEPREIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

41.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

42. All of the aforementioned acts of the Defendants City, NYPD, P.O. Thompson, P.O Knight, and P.O. John Doe, their agents, servants and employees, were carried out under the color of state law.

43. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and/or detectives, with all of the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or detectives, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. As a result of the foregoing, Plaintiff was put in fear for his safety, arrested, detained, placed in handcuffs, restrained in a holding jail cell, had his constitutional rights completely violated, and caused to suffer significant emotional distress, humiliation, fear, and anxiety.

47. Indeed, not only did Plaintiff suffer fear, humiliation, anxiety, and emotional distress while being arrested and placed in the NYPD precinct jail cell for approximately 36 hours through an entire day, but he continued to have that emotional trauma perpetuate for months as he had to return to court multiple times to fight for his freedom and innocence.

48. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, expenses, and damage to his reputation and standing with his community.

49. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## SECOND CAUSE OF ACTION:
## FALSE ARREST UNDER 42 U.S.C. §1983

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined against his will without necessary probable cause, privilege, or consent.

52. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, legal expenses and damage to his reputation and standing within his community.

53. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## THIRD CAUSE OF ACTION
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. Defendant P.O. Thompson and P.O. Knight intentionally and/or negligently, and/or deliberately inflicted emotional distress upon Plaintiff by maliciously and/or recklessly and/or negligently arresting Plaintiff without necessary probable cause, ignoring the evidence that Plaintiff claimed he had to support his claims that Ms. Katie Gagstetter drank bleach in his home, and initiating false criminal charges against Plaintiff for no reason.

56. Indeed, the specific criminal charge brought by P.O. Thompson, P.O. Knight, and the NYPD against Plaintiff—Falsely reporting an incident in the Third Degree—carries with it not only a criminal record that can stay with a person forever, but exposure to one year in jail. The criminal charge, states in sum and substance, "Knowing the information reported, conveyed or circulated to be false or baseless," but Plaintiff's allegations were not baseless or false, they were documented by photo evidence, evidence which the

arresting NYPD officers, including P.O. Thompson and P.O. Knight had no interest in considering or investigating.

57. Defendant P.O. Thompson's and P.O. Knight's conduct was outrageous and extreme, intentional and/or reckless, and/or negligent and careless, and caused emotional distress to Plaintiff.

58. Accordingly, Plaintiff is entitled to judgment against Defendants for the aforementioned wrongful conduct, including an award of punitive damages as against Defendants.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION UNDER NEW YORK STATE LAW

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60. Defendants NYPD and the City negligently hired, trained, supervised, and retained the P.O. Thompson and P.O. Knight, and P.O. John Doe; Defendant NYPD and City were careless, negligent, and/or reckless in the hiring, training, supervision, overseeing, and retention of Defendant P.O. Thompson and P.O. Knight, and P.O. John Doe.

61. As a result of this negligent and/or reckless hiring, training, supervision, overseeing, and retention, Plaintiff has suffered and continues to suffer damages.

62. Defendants P.O. Thompson and P.O Knight and P.O. John Doe were and are unfit to be a members of the NYPD, with careless propensities, unprofessionalism, and carless disregard for the power and trust invested  in members of the NYPD to ask questions, investigate, arrest and criminally charge an individual only when there is probable cause to do so.

63. Clearly, there was some lack of training or oversight by Defendants City and NYPD over P.O. Thompson and P.O Knight and P.O John Doe.

64. Indeed, upon information and belief, Defendants City and NYPD failed to take action to remedy, train, discharge, and/or retrain P.O. Thompson and P.O. Knight, even after Plaintiff's criminal charges were dismissed.

65. As such, Plaintiff respectfully demands judgment as against all Defendants in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

66. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

67. NYPD officers of the NYPD 107th Precinct, including but not limited to Defendants P.O. Thompson and P.O Knight initiated frivolous criminal charges against the Plaintiff without Probable Cause, that those criminal charges were ultimately dismissed in a favorable outcome for Plaintiff, that Defendant police officers P.O. Thompson and P.O. Knight acted without necessary probable cause and acted with malice, careless disregard, negligence, and/or recklessness towards Plaintiff.

68. That as a result of the foregoing, Plaintiff has suffered the violations of his constitutional rights, emotional pain and trauma, humiliation and fear, and other damages and is entitled to relief, compensation, and an award of punitive damages.

### PUNITIVE DAMAGES

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

15

70. The intentional and/or willful and/or negligent, and/or reckless, and/or malicious conduct of P.O. Thompson and P.O. Knight, present at Plaintiffs' scene of arrest, as they falsely arrested Plaintiff, treating Plaintiff in a Constitutionally violative fashion, until they ultimately initiated frivolous criminal charges against Plaintiff warrants an award of Punitive Damages in this case.

71. Indeed, the specific facts and circumstances of this case illustrate a reckless disregard for, a negligent and/or reckless and/or malicious carelessness for Plaintiff's constitutional rights, an arrest that never should have happened, and criminal charges that never should have been brought.

**WHEREFORE** and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction in this case and:

(a) Award appropriate compensatory damages as against Defendants in an amount to be determined at trial.

(b) Award appropriate punitive damages as against Defendants in an amount to be determined at trial.

(c) Empanel a jury.

(d) Award attorney's fees pursuant to 42 USC Section 1988.

(e) Award such other and further relief as the Court deems to be in the interest of justice.

Dated: June 23, 2025
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
Attorney for Plaintiff
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawllp.com

## VERIFICATION

STATE OF NEW YORK          )

COUNTY OF QUEENS          )

     RE:   *Robert Drummond v. The City of New York, et al..*

     Robert Drummond, being duly sworn deposes and says:

     Deponent is the Plaintiff in the within action; he has read the foregoing and attached Verified Complaint and knows the contents thereof and the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

                                        Robert Drummond

Sworn to before me this 23rd
day of June, 2025

NOTARY PUBLIC

Joshua Dayan, Esq.
Notary Public, State of New York
Reg. No. 01DA0016992
Qualified in Queens County
Commission Expires 11/28/2027

Exhibit "A"



